14-15-00205-CV



# CHRIS DANIEL
# HARRIS COUNTY DISTRICT CLERK

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

3/19/2015 12:58:28 PM

CHRISTOPHER A. PRINE
Clerk

**DATE: MARCH 18, 2015**

**NOTICE OF APPEALS**

**ASSIGNMENT OF COURT THE COURT OF APPEALS**

**TO:        14TH  COURT OF APPEALS**

**From:     Deputy Clerk: PHYLLIS WASHINGTON**
**Chris Daniel, District Clerk**
**Harris County, T E X A S            RELATED TO; 14-15-00205-CV**

**CAUSE:   2014-00691J**

**VOLUME _____     PAGE _____       OR      IMAGE # 64466192**

**DUE   N/A                             ATTORNEY BAR # 04702400**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE  14TH**

**DATE ORDER SIGNED:     02-24-15;**

**MOTION FOR NEW TRIAL/REQUEST FOR FINDINGS OF FACT; DATE: FILED   N/A**

**REQUEST TRANSCRIPT DATE FILED      NONE**

**NOTICE OF APPEAL DATE FILED         03-12-15 CROSS  NOTICE OF APPEAL**

**NUMBER OF DAYS: ( CLERKS RECORD )  N/A**

**FILE ORDERED:  YES ☐   NO ☒  IMAGED FILED:  YES ☒  NO ☐**

**CODES FOR NOTICE OF APPEAL:  CR,OA,**

CHRIS DANIEL
Harris County, District Clerk

By:  /s/PHYLLIS WASHINGTON
**PHYLLIS WASHINGTON, Deputy**

BC      **NOTICE OF APPEAL FILED**
BG      **NOTICE OF APPEAL FILED – GOVERNMENT**
C        **JUDGMENT BEING APPEALED**
D -     **ACCELERATED APPEAL**
OA      **NO CLERK'S RECORD REQUEST FILED**
O        **CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)**
NA      **AMENDED NOTICE OF APPEAL**

**CAUSE NO. 2014-00691J**

| | | |
|---|---|---|
| **IN THE MATTER OF** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **LEONARDO ELLOY ROGERS** | § | **HARRIS COUNTY,  T E X A S** |
| | § | |
| **MINOR CHILD** | § | **314ᵀᴴ  JUDICIAL  DISTRICT** |

## NOTICE OF APPEAL

This Notice of Appeal is filed by STEPHEN ANDREW ROGERS, Respondent, a party to this proceeding who seeks to alter the trial court's judgment or other appealable order.

1.      The trial court, cause number, and style of this case are as shown in the caption above.

2.      The judgment or order appealed from was signed on February 24, 2015.  A true and correct of this Final Decree for Termination is attached as **Exhibit "A"** and is incorporated herein for all purposes.

3.      STEPHEN ANDREW ROGERS was previously found by the Court to be indigent. A true and correct copy of the Order appointing counsel for STEPHEN ANDREW ROGERS is attached to this Notice of Appeal as **Exhibit "B"** and is incorporated herein for all purposes.  The Order Appointing Attorney Ad Litem for Appeal Only contained a clerical error and appointed William B. Connolly as attorney for the child (a non party) rather than for the father STEPHEN ANDREW ROGERS, as intended.  The Trial Court, after recognizing its error entered a Nunc Pro Tunc Order on March 5, 2015 and confirmed William B. Connolly as counsel for STEPHEN ANDREW ROGERS.  A true and correct copy of the Nunc Pro Tunc Order is attached hereto as **Exhibit "C"**.

4.      This appeal is being taken to either the First or Fourteenth Court of Appeals.

Respectfully submitted,

CONNOLLY & SHIREMAN, LLP

/s/William B. Connolly
William B. Connolly
State Bar No. 04702400
2930 Revere, Suite 300
Houston, Texas 77098

2015.03.12 NTC APPEAL.wpd

Telephone (713) 520-5757
Facsimile  (713) 520-6644
wbc@conlawfirm.com

ATTORNEY FOR STEPHEN ANDREW ROGERS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Appeal was forwarded to:

DanPhi Nguyen, Assisstant County Attorney, 1019 Congress, 15th Floor, Houston, Texas 77002 – *via facsimile (713) 437-4700*;

Kevin George, Attorney for Father, 440 Louisiana, Suite 1130, Houston, Texas 77002 – *via facsimile (713) 655-9035*;

Daryl Longworth, Attorney for Mother, 1385 FM 359 Road, Suite 308, Richmond, Texas 77406 – *via facsimile (832) 363-1230*; and

Katie Flynn, Attorney Ad Litem for Child, 405 Main Street, Suite 620, Houston, Texas 77002 – *via facsimile (281) 519-1845*

on this the 12th day of March, 2015.

/s/William B. Connolly
William B. Connolly

# EXHIBIT "A"

ORIGINAL

FILED
Chris Daniel
District Clerk

FEB 1 3 2015

Time:_____

Harris County, Texas

By_____
Deputy

CHERENA MILLS 170-2
LEESHAWN LEWIS 170-2

CAUSE NO. 2014-00691J

IN THE INTEREST OF

LEONARDO ELLOY ROGERS

CHILD

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

314TH JUDICIAL JUVENILE DISTRICT

## FINAL DECREE FOR TERMINATION

On **February 5, 2015,** came on to be heard before this Court Petitioner's *Suit To Terminate The Parent-Child Relationship.*

1. **Appearances**

    1.1. The Department of Family and Protective Services ("the Department") appeared through **CHERENA MILLS,** caseworker, and by attorney, **DAN-PHI V. NGUYEN,** and announced ready.

    1.2. Respondent **Mother, CHIANTE EVONETTE WEST, SSN XXX-XX-3391,** appeared in person and through Attorney of Record, **DARYL LONGWORTH,** and announced ready.

    1.3. Respondent **Father, STEPHEN ANDREW ROGERS AKA STEVEN ROGERS, SSN XXX-XX-0515,** appeared in person and through Attorney of Record, **KEVIN H. GEORGE,** and announced ready.

    1.4. Also appearing was **KATIE FLYNN,** appointed by the Court as Attorney Ad Litem for the child the subject of this suit.

    1.5. Also appearing was **CHILD ADVOCATES, INC.,** appointed by the Court as Volunteer Advocate for the child the subject of this suit.

2. **Findings**

    2.1. The Court, having examined the record and heard the evidence and argument of counsel, finds that this Court has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case.

    2.2. The Court, having examined the record and heard the evidence and argument of counsel, finds that the State of Texas has jurisdiction of this case pursuant to Subchapter C, Chapter 152, Texas Family Code, by virtue of the fact that Texas is the home state of the child.

2.3. All persons entitled to citation were properly cited or filed a duly executed waiver of citation herein.

2.4. The court finds that order sufficiently defines the rights and duties of the parents of the child

## 3. Jury

A jury was waived, and all questions of fact and of law were submitted to the Court.

## 4. Record

The record of testimony was duly reported by **JULIA RANGEL.**

## 5. The Child

The Court finds that the following child is the subject of this suit:

| | |
|---:|:---|
| Name: | **LEONARDO ELLOY ROGERS** |
| Sex: | **MALE** |
| Birth Date: | **SEPTEMBER 25, 2013** |
| Social Security Number: | **UNKNOWN** |
| Present Residence: | **SUBSTITUTE CARE** |

## 1. Dismissal of Party: THE UNKNOWN FATHER

The Court finds that **THE UNKNOWN FATHER** is not the parent of any child named in this suit and is hereby dismissed.

## 2. Establishment of Paternity: STEPHEN ANDREW ROGERS AKA STEVEN ROGERS

**IT IS ORDERED AND DECREED** that **STEPHEN ANDREW ROGERS AKA STEVEN ROGERS** is, and he is hereby declared to be, the father of the child, **LEONARDO ELLOY ROGERS**, born to **CHIANTE EVONETTE WEST**, and that the parent-child relationship between said father and said child is established for all purposes.

## 3. Termination of Respondent Mother CHIANTE EVONETTE WEST'S Parental Rights

3.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between **CHIANTE EVONETTE WEST** and the child, **LEONARDO ELLOY ROGERS**, the subject of this suit is in the child's best interest.

3.2. Further, the Court finds by clear and convincing evidence that **CHIANTE EVONETTE WEST** has:

3.2.1. knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child, pursuant to §161.001(1)(D), Texas Family Code;

3.2.2. engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to §161.001(1)(E), Texas Family Code;

3.2.3. failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child, pursuant to §161.001(1)(O), Texas Family Code;

3.3. **IT IS THEREFORE ORDERED AND DECREED** that the parent-child relationship between **CHIANTE EVONETTE WEST** and the child, **LEONARDO ELLOY ROGERS**, the subject of this suit is finally and forever terminated.

4. **Termination of Respondent Father STEPHEN ANDREW ROGERS AKA STEVEN ROGERS'S Parental Rights**

4.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between **STEPHEN ANDREW ROGERS AKA STEVEN ROGERS** and the child, **LEONARDO ELLOY ROGERS**, is in the child's best interest.

4.2. Further, the Court finds by clear and convincing evidence that **STEPHEN ANDREW ROGERS AKA STEVEN ROGERS** has:

4.2.1. engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to §161.001(1)(E), Texas Family Code;

4.2.2. constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and: (1) the Department or authorized agency has made reasonable efforts to return the child to the father; (2) the father has not regularly visited or maintained significant contact with the child; and (3) the father has demonstrated an inability to provide the child with a safe environment, pursuant to §161.001(1)(N), Texas Family Code;

4.2.3. failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child who has been in the permanent or temporary managing

conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child, pursuant to §161.001(1)(O), Texas Family Code;

4.2.4. The Court finds by clear and convincing evidence that **STEPHEN ANDREW ROGERS AKA STEVEN ROGERS** engaged in conduct that constitutes an offense under Section §21.02 §22.011, §22.021, or §25.02, Penal Code which resulted in the victim of the conduct becoming pregnant with the father's child, pursuant to §161.007(a), Texas Family Code.

4.3. **IT IS THEREFORE ORDERED AND DECREED** that the parent-child relationship between **STEPHEN ANDREW ROGERS AKA STEVEN ROGERS** and the child, **LEONARDO ELLOY ROGERS,** is finally and forever terminated.

5. **Managing Conservatorship of the Child**

5.1. The Court finds that (1) appointment of a parent or both parents as managing conservator would not be in the best interest of the child, **LEONARDO ELLOY ROGERS**, because the appointment would significantly impair the child's physical health or emotional development; and (2) it would not be in the best interest of the child to appoint a relative of the child or another person as managing conservator.

5.2. **IT IS THEREFORE ORDERED AND DECREED** that the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is appointed Sole Managing Conservator of the child, **LEONARDO ELLOY ROGERS,** with the rights and duties specified in § 153.371, Texas Family Code and the Court finds this appointment to be in the best interest of the child.

5.3. In addition to these rights and duties listed in § 153.371, Texas Family Code, **IT IS ORDERED** that the Department is authorized to consent to the medical care for the child, **LEONARDO ELLOY ROGERS** under § 266.004, Texas Family Code.

5.4. **IT IS FURTHER ORDERED AND DECREED** that the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** shall, each twelve months after the date of this order, file with the Court a report of facts concerning the child's welfare, including the child's whereabouts and physical condition, as required by § 153.375, Texas Family Code.

6. **Rights and Duties of the Non-Parent Sole Managing Conservator:**

**IT IS ORDERED AND DECREED** that the Sole Managing Conservator shall have the following rights and duties subject only to any rights granted herein to any Possessory Conservator as pursuant to Texas Family Code.

6.1. The right to have physical possession and to direct the moral and religious training of the child;

6.2. The duty of care, control, protection, and reasonable discipline of the child;

6.3. The duty to provide the child with clothing, food, shelter, education, and medical, psychological, and dental care;

6.4. The right to consent for the child to medical, psychiatric, psychological, dental, and surgical treatment and to have access to the child's medical records;

6.5. The right to receive and give receipt for payments for the support of the child and to hold or disburse funds for the benefit of the child;

6.6. The right to the services and earnings of the child;

6.7. The right to consent to marriage and to enlistment in the armed forces of the United States;

6.8. The right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

6.9. Except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government;

6.10. The right to designate the primary residence of the child and to make decisions regarding the child's education; and

6.11. If the parent-child relationship has been terminated with respect to the parents, or only living parent, or if there is no living parent, the right to consent to the adoption of the child and to make any other decision concerning the child that a parent could make.

6.12. The right to receive information from any other conservator of the child concerning the health, education, and welfare of the child.

6.13. The right to consult with school officials concerning the child's welfare and educational status and to attend school activities.

6.14. The right to be designated on the child's records as a person to be notified in case of an emergency.

7. **Interstate Compact**

The Court finds that the Petitioner has filed a verified allegation or statement regarding compliance with the Interstate Compact on the Placement of Children as required by § 162.002(b)(1) of the Texas Family Code.

8. **Temporary Child Support Survives Judgment**

**IT IS FURTHER ORDERED AND DECREED** that all obligations and duties for temporary child support imposed by the temporary orders of this Court that are not yet discharged shall survive this judgment and independent enforcement may be sought.

8.1. **IT IS ORDERED** that each parent, who has not previously done so, provide information regarding the medical history of the parent and parent's ancestors on the medical history form, pursuant to § 161.2021, Texas Family Code.

9. **Attorney Ad Litems and Other Appointments**

**IT IS ORDERED AND DECREED** that the attorney ad litem for the child, **KATIE FLYNN**, as well as **CHILD ADVOCATES, INC.** shall remain on this case post-judgment for purposes of any and all subsequent placement review hearings pursuant to § 263.501, Texas Family Code, until later released by the Court.

**IT IS FURTHER ORDERED AND DECREED** that all other Attorney Ad Litems and Attorney/Guardian Ad Litem and any other appointments not specifically retained above in this decree that have been made by this Court in this case do not conclude with the signing of this final judgment. These appointments continue until this case is final. This case is not final until this Court's plenary jurisdiction from this final judgment expires, and all appeals, if any, have concluded. In other words, even though this judgment is final, the attorneys appointed in this case have a continuing legal and ethical obligation to represent their client's interests in this case to final disposition, which could include the provision of legal services in connection with post-judgment motions or an appeal. Notwithstanding the legal representation provided after this final judgment is signed, the attorneys appointed in this case are not appointed to provide legal representation for Placement Review Hearings held pursuant to Chapter 263 of the Family Code, and shall not do so pursuant to their appointments by this Court.

10. **Dismissal of Other Court-Ordered Relationship**

Except as otherwise provided in this order, any other existing court-ordered relationships with the child the subject of this suit are hereby terminated and any parties claiming a court-ordered relationship with the child are **DISMISSED** from this suit.

11. **Discharge from Discovery Retention Requirement**

**IT IS ORDERED AND DECREED** that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

12. **Next Placement Review Hearing**

Pursuant to § 263.501, Texas Family Code, the Court determines that the date that the next placement review hearing is set on **April 21, 2015**, at **9:00 AM** in the **314th** Judicial District Court of Harris County in Houston, Texas.

13. **Denial of Other Relief**

**IT IS ORDERED AND DECREED** that all relief requested in this case and not expressly granted is denied.

14. **WARNING: APPEAL OF FINAL ORDER, PURSUANT TO §§ 263.405, TEXAS FAMILY CODE:**

**A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL. AN APPEAL IN A SUIT IN WHICH TERMINATION OF THE PARENT-CHILD RELATIONSHIP IS SOUGHT IS GOVEREND BY THE PROCEDURES FOR ACCELERATED APPEALS IN CIVIL CASES UNDER THE TEXAS RULES OF APPELLATE PROCEDURE. FAILURE TO FOLLOW THE TEXAS RULES OF APPELLATE PROCEDURE FOR ACCELERATED APPEALS MAY RESULT IN THE DISMISSAL OF THE APPEAL.**

15. **NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS:**

**YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS 10,000.**

SIGNED this _____ day of **FEB 2 4 2015** , 2015.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM:**

Dan-Phi V. Nguyen
Attorney for Petitioner
Department of Family and Protective Services
1019 Congress, 15th Floor
Houston, TX 77002-1700
State Bar # 24068268
*email:* danphi.nguyen@cao.hctx.net
*phone:* 713-274-5220
*fax:* 713-437-4700


**Katie Flynn**
Attorney Ad Litem for the Child
405 Main St., Ste. 620
Houston, TX 77002-1872
State Bar # 24067600
*phone:* 713-225-6800
*fax:* 1-281-519-1845


**Daryl Longworth**
Attorney for the Mother, Chiante Evonette West
1385 FM 359, Ste. 308
Richmond, TX 77406
State Bar # 24072214
*phone:* 832-372-7146
*fax:* 832-363-1230

**Kevin H. George**
Attorney for the Father, Stephen Andrew Rogers
AKA Steven Rogers
440 Louisiana St., Ste. 1130
Houston, TX 77002
State Bar # 07805850
*phone:* 713-655-0200

# EXHIBIT "B"

# ORIGINAL

No. 2014-00691J

**IN THE INTEREST OF:**

Leonardo E. Rogers

**CHILD(REN)**

**FILED**
Chris Daniel
District Clerk

FEB 2 4 2015

Time: 11:40 A
Harris County, Texas

By_____
Deputy

**IN THE DISTRICT COURT OF**

**HARRIS COUNTY, TEXAS**

**314TH JUDICIAL DISTRICT**

## ORDER APPOINTING ATTORNEY AD LITEM FOR APPEAL ONLY

On _February 24, 2015_ the petition in this cause was presented to me, asking for the appointment of an attorney to serve as attorney ad litem _For Indigent Father on Appeal_

The Court appoints _William B. Connolly_ to serve as attorney ad litem and to represent the interest of _Leonardo E. Rogers_, a party to this action.

SIGNED this _____.

_____
MASTER OF THE COURT

SIGNED this __FEB 2 4 2015__.

_____
PRESIDING JUDGE

APPT'ED ON : _____

NEXT HEARING: _____

# EXHIBIT "C"

**FILED**
Chris Daniel
District Clerk

MAR 05 2015

Time: ___9:44___
Harris County, Texas

By_____

CAUSE NO. 2014-00691J

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| | § | |
| LEONARDO ELLOY ROGERS | § | HARRIS COUNTY, TEXAS |
| | § | |
| MINOR CHILD | § | 314TH JUDICIAL DISTRICT |

## NUNC PRO TUNC ORDER APPOINTING ATTORNEY
## AD LITEM FOR APPEAL ONLY

On March 5, 2015, it was brought to the Court's attention that the prior appointment Order Appointing Attorney Ad Litem for Appeal Only **(Exhibit "A")** contained a clerical error and appointed William B. Connolly as attorney for the child (a non party) rather than the father STEPHEN ANDREW ROGERS a.k.a. STEVEN ROGERS, a party to this action, as intended.

Accordingly, it is ORDERED that this Court's Order Appointing Attorney Ad Litem For Appeal Only of February 24, 2015, is hereby set aside and it is ORDERED that William B. Connolly is appointed to serve as attorney for the father, STEPHEN ANDREW ROGERS a.k.a. STEVEN ROGERS, a party to this action.

SIGNED this 5 day of March, 2015.

_____
JUDGE PRESIDING

ORIGINAL

No. 2014-00691J

IN THE INTEREST OF:

Leonardo E. Rogers

CHILD(REN)

**FILED**
Chris Daniel
District Clerk
FEB 2 4 2015
Time: 11:40 _
Harris County, Texas
By_____
Deputy

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

314TH JUDICIAL DISTRICT

## ORDER APPOINTING ATTORNEY AD LITEM FOR APPEAL ONLY

On _February 24, 2015_ the petition in this cause was presented to me, asking for the appointment of an attorney to serve as attorney ad litem _for indigent father on appeal_

The Court appoints _William B. Connolly_ to serve as attorney ad litem and to represent the interest of _Leonardo E. Rogers_, a party to this action.

SIGNED this _____.

_____
MASTER OF THE COURT

SIGNED this __FEB 2 4 2015__.

_____
PRESIDING JUDGE

APPT'ED ON : _____

NEXT HEARING: _____

EXHIBIT "A"

ORIGINAL

**FILED**
Chris Daniel
District Clerk

FEB 1 3 2015

Time:_____
Harris County, Texas

By_____
Deputy

**CHERENA MILLS 170-2**
**LEESHAWN LEWIS 170-2**

CAUSE NO. 2014-00691J

IN THE INTEREST OF

IN THE DISTRICT COURT OF

LEONARDO ELLOY ROGERS

HARRIS COUNTY, TEXAS

CHILD

314TH JUDICIAL JUVENILE DISTRICT

## FINAL DECREE FOR TERMINATION

On **February 5, 2015**, came on to be heard before this Court Petitioner's *Suit To Terminate The Parent-Child Relationship.*

1. **Appearances**

   1.1. The Department of Family and Protective Services ("the Department") appeared through **CHERENA MILLS**, caseworker, and by attorney, **DAN-PHI V. NGUYEN,** and announced ready.

   1.2. Respondent **Mother, CHIANTE EVONETTE WEST, SSN XXX-XX-3391,** appeared in person and through Attorney of Record, **DARYL LONGWORTH,** and announced ready.

   1.3. Respondent **Father, STEPHEN ANDREW ROGERS AKA STEVEN ROGERS, SSN XXX-XX-0515,** appeared in person and through Attorney of Record, **KEVIN H. GEORGE,** and announced ready.

   1.4. Also appearing was **KATIE FLYNN,** appointed by the Court as Attorney Ad Litem for the child the subject of this suit.

   1.5. Also appearing was **CHILD ADVOCATES, INC.,** appointed by the Court as Volunteer Advocate for the child the subject of this suit.

2. **Findings**

   2.1. The Court, having examined the record and heard the evidence and argument of counsel, finds that this Court has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case.

   2.2. The Court, having examined the record and heard the evidence and argument of counsel, finds that the State of Texas has jurisdiction of this case pursuant to Subchapter C, Chapter 152, Texas Family Code, by virtue of the fact that Texas is the home state of the child.

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

2.3. All persons entitled to citation were properly cited or filed a duly executed waiver of citation herein.

2.4. The court finds that order sufficiently defines the rights and duties of the parents of the child

## 3. Jury

A jury was waived, and all questions of fact and of law were submitted to the Court.

## 4. Record

The record of testimony was duly reported by **JULIA RANGEL**.

## 5. The Child

The Court finds that the following child is the subject of this suit:

|  |  |
|---|---|
| Name: | **LEONARDO ELLOY ROGERS** |
| Sex: | **MALE** |
| Birth Date: | **SEPTEMBER 25, 2013** |
| Social Security Number: | **UNKNOWN** |
| Present Residence: | **SUBSTITUTE CARE** |

## 1. Dismissal of Party: THE UNKNOWN FATHER

The Court finds that **THE UNKNOWN FATHER** is not the parent of any child named in this suit and is hereby dismissed.

## 2. Establishment of Paternity: STEPHEN ANDREW ROGERS AKA STEVEN ROGERS

**IT IS ORDERED AND DECREED** that **STEPHEN ANDREW ROGERS AKA STEVEN ROGERS** is, and he is hereby declared to be, the father of the child, **LEONARDO ELLOY ROGERS**, born to **CHIANTE EVONETTE WEST,** and that the parent-child relationship between said father and said child is established for all purposes.

## 3. Termination of Respondent Mother CHIANTE EVONETTE WEST'S Parental Rights

3.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between **CHIANTE EVONETTE WEST** and the child, **LEONARDO ELLOY ROGERS**, the subject of this suit is in the child's best interest.

3.2. Further, the Court finds by clear and convincing evidence that **CHIANTE EVONETTE WEST** has:

3.2.1. knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child, pursuant to §161.001(1)(D), Texas Family Code;

3.2.2. engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to §161.001(1)(E), Texas Family Code;

3.2.3. failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child, pursuant to §161.001(1)(O), Texas Family Code;

3.3. **IT IS THEREFORE ORDERED AND DECREED** that the parent-child relationship between **CHIANTE EVONETTE WEST** and the child, **LEONARDO ELLOY ROGERS**, the subject of this suit is finally and forever terminated.

4. **Termination of Respondent Father STEPHEN ANDREW ROGERS AKA STEVEN ROGERS'S Parental Rights**

4.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between **STEPHEN ANDREW ROGERS AKA STEVEN ROGERS** and the child, **LEONARDO ELLOY ROGERS**, is in the child's best interest.

4.2. Further, the Court finds by clear and convincing evidence that **STEPHEN ANDREW ROGERS AKA STEVEN ROGERS** has:

4.2.1. engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to §161.001(1)(E), Texas Family Code;

4.2.2. constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and: (1) the Department or authorized agency has made reasonable efforts to return the child to the father; (2) the father has not regularly visited or maintained significant contact with the child; and (3) the father has demonstrated an inability to provide the child with a safe environment, pursuant to §161.001(1)(N), Texas Family Code;

4.2.3. failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child who has been in the permanent or temporary managing

conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child, pursuant to §161.001(1)(O), Texas Family Code;

4.2.4. The Court finds by clear and convincing evidence that **STEPHEN ANDREW ROGERS AKA STEVEN ROGERS** engaged in conduct that constitutes an offense under Section §21.02 §22.011, §22.021, or §25.02, Penal Code which resulted in the victim of the conduct becoming pregnant with the father's child, pursuant to §161.007(a), Texas Family Code.

4.3. **IT IS THEREFORE ORDERED AND DECREED** that the parent-child relationship between **STEPHEN ANDREW ROGERS AKA STEVEN ROGERS** and the child, **LEONARDO ELLOY ROGERS,** is finally and forever terminated.

5. **Managing Conservatorship of the Child**

5.1. The Court finds that (1) appointment of a parent or both parents as managing conservator would not be in the best interest of the child, **LEONARDO ELLOY ROGERS,** because the appointment would significantly impair the child's physical health or emotional development; and (2) it would not be in the best interest of the child to appoint a relative of the child or another person as managing conservator.

5.2. **IT IS THEREFORE ORDERED AND DECREED** that the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is appointed Sole Managing Conservator of the child, **LEONARDO ELLOY ROGERS,** with the rights and duties specified in § 153.371, Texas Family Code and the Court finds this appointment to be in the best interest of the child.

5.3. In addition to these rights and duties listed in § 153.371, Texas Family Code, **IT IS ORDERED** that the Department is authorized to consent to the medical care for the child, **LEONARDO ELLOY ROGERS** under § 266.004, Texas Family Code.

5.4. **IT IS FURTHER ORDERED AND DECREED** that the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** shall, each twelve months after the date of this order, file with the Court a report of facts concerning the child's welfare, including the child's whereabouts and physical condition, as required by § 153.375, Texas Family Code.

6. **Rights and Duties of the Non-Parent Sole Managing Conservator:**

**IT IS ORDERED AND DECREED** that the Sole Managing Conservator shall have the following rights and duties subject only to any rights granted herein to any Possessory Conservator as pursuant to Texas Family Code.

6.1. The right to have physical possession and to direct the moral and religious training of the child;

6.2. The duty of care, control, protection, and reasonable discipline of the child;

6.3. The duty to provide the child with clothing, food, shelter, education, and medical, psychological, and dental care;

6.4. The right to consent for the child to medical, psychiatric, psychological, dental, and surgical treatment and to have access to the child's medical records;

6.5. The right to receive and give receipt for payments for the support of the child and to hold or disburse funds for the benefit of the child;

6.6. The right to the services and earnings of the child;

6.7. The right to consent to marriage and to enlistment in the armed forces of the United States;

6.8. The right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

6.9. Except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government;

6.10. The right to designate the primary residence of the child and to make decisions regarding the child's education; and

6.11. If the parent-child relationship has been terminated with respect to the parents, or only living parent, or if there is no living parent, the right to consent to the adoption of the child and to make any other decision concerning the child that a parent could make.

6.12. The right to receive information from any other conservator of the child concerning the health, education, and welfare of the child.

6.13. The right to consult with school officials concerning the child's welfare and educational status and to attend school activities.

6.14. The right to be designated on the child's records as a person to be notified in case of an emergency.

7. **Interstate Compact**

The Court finds that the Petitioner has filed a verified allegation or statement regarding compliance with the Interstate Compact on the Placement of Children as required by § 162.002(b)(1) of the Texas Family Code.

8. **Temporary Child Support Survives Judgment**

**IT IS FURTHER ORDERED AND DECREED** that all obligations and duties for temporary child support imposed by the temporary orders of this Court that are not yet discharged shall survive this judgment and independent enforcement may be sought.

8.1. **IT IS ORDERED** that each parent, who has not previously done so, provide information regarding the medical history of the parent and parent's ancestors on the medical history form, pursuant to § 161.2021, Texas Family Code.

9. **Attorney Ad Litems and Other Appointments**

**IT IS ORDERED AND DECREED** that the attorney ad litem for the child, **KATIE FLYNN**, as well as **CHILD ADVOCATES, INC.** shall remain on this case post-judgment for purposes of any and all subsequent placement review hearings pursuant to § 263.501, Texas Family Code, until later released by the Court.

**IT IS FURTHER ORDERED AND DECREED** that all other Attorney Ad Litems and Attorney/Guardian Ad Litem and any other appointments not specifically retained above in this decree that have been made by this Court in this case do not conclude with the signing of this final judgment. These appointments continue until this case is final. This case is not final until this Court's plenary jurisdiction from this final judgment expires, and all appeals, if any, have concluded. In other words, even though this judgment is final, the attorneys appointed in this case have a continuing legal and ethical obligation to represent their client's interests in this case to final disposition, which could include the provision of legal services in connection with post-judgment motions or an appeal. Notwithstanding the legal representation provided after this final judgment is signed, the attorneys appointed in this case are not appointed to provide legal representation for Placement Review Hearings held pursuant to Chapter 263 of the Family Code, and shall not do so pursuant to their appointments by this Court.

10. **Dismissal of Other Court-Ordered Relationship**

Except as otherwise provided in this order, any other existing court-ordered relationships with the child the subject of this suit are hereby terminated and any parties claiming a court-ordered relationship with the child are **DISMISSED** from this suit.

11. **Discharge from Discovery Retention Requirement**

**IT IS ORDERED AND DECREED** that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

12. **Next Placement Review Hearing**

Pursuant to § 263.501, Texas Family Code, the Court determines that the date that the next placement review hearing is set on **April 21, 2015,** at **9:00 AM** in the **314th** Judicial District Court of Harris County in Houston, Texas.

13. **Denial of Other Relief**

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied.

14. **WARNING: APPEAL OF FINAL ORDER, PURSUANT TO §§ 263.405, TEXAS FAMILY CODE:**

A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL. AN APPEAL IN A SUIT IN WHICH TERMINATION OF THE PARENT-CHILD RELATIONSHIP IS SOUGHT IS GOVEREND BY THE PROCEDURES FOR ACCELERATED APPEALS IN CIVIL CASES UNDER THE TEXAS RULES OF APPELLATE PROCEDURE. FAILURE TO FOLLOW THE TEXAS RULES OF APPELLATE PROCEDURE FOR ACCELERATED APPEALS MAY RESULT IN THE DISMISSAL OF THE APPEAL.

15. **NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS:**

YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS 10,000.

SIGNED this _____ day of **FEB 2 4 2015**_____, 2015.

_____
JUDGE PRESIDING

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

**APPROVED AS TO FORM:**

**Dan-Phu V. Nguyen**
Attorney for Petitioner
Department of Family and Protective Services
1019 Congress, 15th Floor
Houston, TX 77002-1700
State Bar # 24068268
*email:* danphi.nguyen@cao.hctx.net
*phone:* 713-274-5220
*fax:* 713-437-4700


**Katie Flynn**
Attorney Ad Litem for the Child
405 Main St., Ste. 620
Houston, TX 77002-1872
State Bar # 24067600
*phone:* 713-225-6800
*fax:* 1-281-519-1845


**Daryl Longworth**
Attorney for the Mother, Chiante Evonette West
1385 FM 359, Ste. 308
Richmond, TX 77406
State Bar # 24072214
*phone:* 832-372-7146
*fax:* 832-363-1230


**Kevin H. George**
Attorney for the Father, Stephen Andrew Rogers
AKA Steven Rogers
440 Louisiana St., Ste. 1130
Houston, TX 77002
State Bar # 07805850
*phone:* 713-655-0200

```
JURN7 (NSA#)    JUSTICE INFORMATION MANAGEMENT SYSTEM      MAR 19, 2015(C1)
INT6510                   CIVIL CASE INTAKE                OPT: _____ -  INT
                       GENERAL PARTY INQUIRY              PAGE:   1 -    5

CASE NUM: 201400691J_ PJN> __  TRANS NUM: _____ CURRENT COURT: 314 PUB? _
CASE TYPE: CHILD PROTECTION                 CASE STATUS: CASE ON APPEAL
STYLE: TEXAS DEPARTMENT OF FAMILY AND PR VS WEST, CHIANTE
==========================================================================
                     **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME              PTY   ASSOC. ATTY
  NUM   NUMBER                                            STAT
_     00036-0001 ADA 24072214 LONGWORTH, DARYL
_     00035-0001 GAL 24067600 FLYNN, KATIE LEIGH
_     00034-0001 ADA 07805850 GEORGE, KEVIN HAYES
_     00033-0001 GAL 24067600 FLYNN, KATIE LEIGH
_     00032-0001 ADA 24072214 LONGWORTH, DARYL
_     00031-0001 ADA 07805850 GEORGE, KEVIN HAYES
_     00030-0001 GAL 24067600 FLYNN, KATIE LEIGH
_     00029-0001 ADA 24072214 LONGWORTH, DARYL

==> (36) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

CASE NUM: 201400691J_ PJN> __  TRANS NUM: _____  CURRENT COURT: 314 PUB? _
CASE TYPE: CHILD PROTECTION                 CASE STATUS: CASE ON APPEAL
STYLE: TEXAS DEPARTMENT OF FAMILY AND PR VS WEST, CHIANTE
==============================================================================
                       **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME              PTY   ASSOC. ATTY
  NUM   NUMBER                                           STAT
 _    00028-0001 ADA 07805850 GEORGE, KEVIN HAYES
 _    00027-0001 ADA 07805850 GEORGE, KEVIN HAYES
 _    00026-0001 ADA 24072214 LONGWORTH, DARYL FREDERICK
 _    00025-0001 GAL 24067600 FLYNN, KATIE LEIGH
 _    00024-0001 GAL 24067600 FLYNN, KATIE LEIGH
 _    00023-0001 ADA 24072214 LONGWORTH, DARYL
 _    00022-0001 ADA 07805850 GEORGE, KEVIN HAYES
 _    00021-0001 GAL 24067600 FLYNN, KATIE L

==> (36) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP

```
CASE NUM: 201400691J_ PJN> __  TRANS NUM: _____ CURRENT COURT: 314 PUB? _
CASE TYPE: CHILD PROTECTION              CASE STATUS: CASE ON APPEAL
STYLE: TEXAS DEPARTMENT OF FAMILY AND PR VS WEST, CHIANTE
==========================================================================
                      **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME             PTY   ASSOC. ATTY
  NUM    NUMBER                                         STAT
_     00020-0001 ADA 24078237 BOBBITT, JB LEE
_     00019-0001 ADA 07805850 GEORGE, KEVIN HAYES
_     00018-0001 ADA 24072214 LONGWORTH, DARYL
_     00017-0001 GAL 24067600 FLYNN, KATIE L
_     00016-0001 ADA 24078237 BOBBITT, JB LEE
_     00015-0001 ADA 07805850 GEORGE, KEVIN HAYES
_     00014-0001 ADA 24072214 LONGWORTH, DARYL
_     00013-0001 ADA 07805850 GEORGE, KEVIN HAYES

==> (36) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
CASE NUM: 201400691J_ PJN> __  TRANS NUM: _____ CURRENT COURT: 314 PUB? _
CASE TYPE: CHILD PROTECTION                 CASE STATUS: CASE ON APPEAL
STYLE: TEXAS DEPARTMENT OF FAMILY AND PR VS WEST, CHIANTE
===========================================================================
                        **** INACTIVE PARTIES ****
   PJN   PER/CONN COC  BAR        PERSON NAME             PTY   ASSOC. ATTY
   NUM    NUMBER                                          STAT
 _    00012-0001 ADA 24078237 BOBBITT, JB LEE
 _    00011-0001 GAL 24067600 FLYNN, KATIE L
 _    00010-0001 ADA 24072214 LONGWORTH, DARYL
 _    00009-0001 ADA 24072214 LONGWORTH, DARYL
 _    00008-0001 ADA 07805850 GEORGE, KEVIN HAYES
 _    00007-0001 ADA 24078237 BOBBITT, JB LEE
 _    00006-0001 GAL 24067600 FLYNN, KATIE L
 _    00005-0001 DEF          UNKNOWN (FATHER)            D

==> (36) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JURN7 (NSA#)      JUSTICE INFORMATION MANAGEMENT SYSTEM      MAR 19, 2015(C1)
INT6510                  CIVIL CASE INTAKE                   OPT: _____ - INT
                       GENERAL PARTY INQUIRY                 PAGE:   5 -    5

CASE NUM: 201400691J_ PJN> __  TRANS NUM: _____ CURRENT COURT: 314 PUB? _
CASE TYPE: CHILD PROTECTION                  CASE STATUS: CASE ON APPEAL
STYLE: TEXAS DEPARTMENT OF FAMILY AND PR VS WEST, CHIANTE
==============================================================================
                       **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME              PTY   ASSOC. ATTY
  NUM    NUMBER                                           STAT
_     00004-0001 DEF           ROGERS, STEVEN (FATHER)
_     00003-0001 PLT 99999913 ROGERS, LEONARDO ELLOY (MINOR)     COUNTY ATTORN
_     00002-0001 DEF           WEST, CHIANTE
_     00001-0001 PLT 99999913 TEXAS DEPARTMENT OF FAMILY AND     COUNTY ATTORN




==> (36) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```